IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD, | CASE NO. 5:14-cv-02444 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S REQUEST TO STRIKE REPLY BRIEF** |
| v. | |
| STATE OF OREGON, | [Docket Item No(s). 14, 18] |
| Defendant(s). | |

## I.   INTRODUCTION

In or about October, 1981, Plaintiff Fareed Sepehry-Fard ("Plaintiff") was convicted of rape in the first-degree and sodomy in the first-degree after a bench trial before the Oregon state court. The conviction was affirmed by the Oregon Court of Appeals in 1982. Plaintiff's subsequent attempts in 2005 to vacate the conviction through the Oregon state courts were unsuccessful and seemingly ended when the Oregon Supreme Court denied review of the post-conviction proceedings in 2007.  See Sepehry-Fard v. Oregon, 342 Ore. 645 (2007).

On May 27, 2014, Plaintiff filed in this court a "Petition and Motion to Vacate Void Judgment," which the court understands to be another challenge to Plaintiff's 1981 Oregon conviction. Plaintiff seeks an order vacating the "void" Oregon judgment and cites several grounds in support of that relief, including that the Oregon court was either without jurisdiction or exceeded its jurisdiction, that the trial judge displayed ethnic bias, and that he received ineffective assistance

of counsel. He also seeks damages under a number of theories, including alleged violations of California Business and Professions Code § 17200, 42 U.S.C. §§ 1981 and 1983, as well as common law claims for false light, libel and breach of contract.

Presently before the court is a Motion to Dismiss filed by Defendant State of Oregon ("Oregon"). See Docket Item No. 14. Plaintiff has filed written opposition to the motion.[1] See Docket Item No. 16. The court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for October 3, 2014, will be vacated. Oregon's motion will be granted for the reasons explained below.

## II. LEGAL STANDARD

Oregon invokes several portions of Federal Rule of Civil Procedure 12, but only one need be applied to resolve this motion. A motion under Rule 12(b)(6) can be granted if a plaintiff fails to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57. "Well-pleaded factual allegations" are considered true (Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)), and the court construes the alleged facts in the light most favorable to the plaintiff (Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988)).

## III. DISCUSSION

Oregon argues the Petition must be dismissed because, as plead, it is barred by the Eleventh

---

[1] Plaintiff's request to strike Oregon's reply brief (Docket Item No. 18) is DENIED because, while not filed by the deadline imposed by the Civil Local Rules, the court finds no prejudice to Plaintiff in the three-day delay.

1  Amendment.[2]  The court agrees.

2  The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." U.S. Const. amend XI.  This language has been interpreted as a general bar to suits in federal court against a state government by that state's own citizens, by citizens of another state, or by citizens of a foreign state, and bars both federal and pendant state claims.  See Montana v. Goldin, 394 F.3d 1189, 1195 (9th Cir. 2005); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 120-21 (1984) (holding that Eleventh Amendment immunity "applies . . . to state-law claims brought into federal court under pendent jurisdiction.").  In other words, unless sovereign immunity is clearly and unequivocally waived, the states are immune from suit in federal court.  See Sossamon v. Texas, 131 S. Ct. 1651, 1658 (2011).

Eleventh Amendment immunity is subject to a narrow exception "where the relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's *federal* constitutional or statutory rights."  Cent. Reserve Life of N. Am. Ins. Co. v. Struve, 852 F.2d 1158, 1160-61 (9th Cir. 1988) (emphasis preserved); Pennhurst, 465 U.S. at 99.  In order to invoke this exception, a plaintiff must allege an ongoing violation of federal law and seek prospective relief from a state official.  See Porter v. Jones, 319 F.3d 483, 490 (9th Cir. 2003) ("Under the doctrine of Ex parte Young, suits against an official for prospective relief are generally cognizable, whereas claims for retrospective relief (such as damages) are not.").

Here, the only defendant named in the Petition is Oregon, which is a sovereign for immunity

---

[2] As other district courts have observed, "it is unclear whether a motion to dismiss based on Eleventh Amendment immunity is a Fed. R. Civ. P. 12(b)(1) motion or a Rule 12(b)(6) motion." Garcia v. Haw. Health Sys. Corp., No. 14-00044 LEK-KSC, 2014 U.S. Dist. LEXIS 100148, at *6, 2014 WL 3672119 (D. Haw. July 23, 2014).  But this distinction does not really matter. "[W]hether the court examines Eleventh Amendment immunity under Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim makes no difference, as those standards are essentially the same for purposes of this motion." Monet v. Hawaii, No. 11-00211 SOM/RLP, 2011 U.S. Dist. LEXIS 63364, at *8, 2011 WL 2446310 (D. Haw. June 14, 2011)

purposes.³  That being the case, all of Plaintiff's claims which seek monetary damages from Oregon, whether under federal or state law, fall within the scope of the Eleventh Amendment bar and cannot be asserted in federal court.  They must be dismissed because Plaintiff cannot state a plausible damages claim against the state.

In addition, Plaintiff's request to "vacate" the Oregon state conviction is similarly barred by the Eleventh Amendment.  While such relief is not a request for monetary damages, that characterization itself does not render it incapable of violating Oregon's sovereign immunity.  Pennhurst, 465 U.S. at 101 (noting that jurisdictional bar imposed by the Eleventh Amendment "applies regardless of the nature of the relief sought.").  Nor is this request exempted by the narrow exception created for certain types of prospective relief.  Indeed, that exception "has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past . . . ." Papasan v. Allain, 478 U.S. 265, 277-78 (1986).  Thus, putting aside Plaintiff's failure to name as a defendant the responsible state official, the instant request to rectify an isolated violation or series of violations that occurred years ago does not escape the expansive effect of Eleventh Amendment immunity.⁴

---

³ In the Petition, Plaintiff suggests that Oregon is not actually a state but a "private, for profit entity holding same under unknown federal registration operating under an unknown EIN, a federal employee pursuant to 5 USC § 552(a)."  This allegation is contrary not only to the common understanding of Oregon's status, but also to the positions of both the Oregon Supreme Court and the United State Supreme Court on this topic.  See State ex rel. Gladden v. Lonergan, 201 Ore. 163, 171 (1954) ("The constitution of this state was adopted September 18, 1857, and, by Act of Congress, Oregon was admitted to the Union as a state on February 14, 1859."); see also United States v. Oregon, 295 U.S. 1, 6 (1935) ("The State of Oregon was admitted to the Union on February 14, 1859.").  Since the fact cannot reasonably be questioned, the court takes judicial notice that Oregon is, in fact, a state.  See Fed. R. Evid. 201(b) (authorizing the court to take judicial notice of a fact that is "generally known within the trial court's territorial jurisdiction," or one that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

⁴ Furthermore, Plaintiff's claims based on the Oregon conviction are barred by the Rooker-Feldman doctrine since, in essence, he is seeking to have this court review the propriety of a state court judgment entered in a proceeding over which Oregon clearly had jurisdiction.  See Noel v. Hall, 341 F.3d 1148, 1156-63 (9th Cir. 2003) (explaining the circumstances under which the Rooker-Feldman doctrine applies); Or. Rev. Stat. § 131.215(1) (2013) (providing that a person is subject to criminal prosecution in Oregon when the conduct that is an element of the offense occurs within the state).  Plaintiff's contention to the contrary is unpersuasive because it asserts arguments that are not jurisdictional in nature.

See Welch v. Texas Dep't of Highways & Pub. Transp., 483 U.S. 468, 486 (1987) (finding it "firmly established that the Eleventh Amendment embodies a broad constitutional principle of sovereign immunity.").

For these reasons, the court concludes this action is barred by the immunity afforded to Oregon by the Eleventh Amendment. Oregon's motion will therefore be granted and the Petition will be dismissed. This dismissal will be without leave to amend because Plaintiff cannot state a claim against Oregon as a matter of law. See Kyle Rys., Inc. v. Pac. Admin. Servs., Inc., 990 F.2d 513, 518 (9th Cir. 1993) (affirming dismissal without leave to amend of claims invalid as a matter of law).

## IV.   ORDER

Based on the foregoing, Oregon's Motion to Dismiss (Docket Item No. 14) is GRANTED. The Petition that initiated this action is DISMISSED WITHOUT LEAVE TO AMEND.

The hearing scheduled for October 3, 2014, is VACATED and all other pending matters are DENIED AS MOOT. Judgment will be entered in favor of Oregon and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated:  September 26, 2014

EDWARD J. DAVILA
United States District Judge

---

It is also worth noting that a claim of ineffective assistance of counsel during the Oregon criminal proceedings should have been raised by Plaintiff as a challenge to custody under 28 U.S.C. § 2254 and directed to the United States District Court for the District of Oregon. See 28 U.S.C. § 2241(d), 2254(a).