UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF OREGON,<br><br>    Defendant. | Case No. 5:14-cv-02444 EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B)**<br><br>Re: Dkt. No. 30 |

    Plaintiff Fareed Sepehry-Fard ("Plaintiff") filed the instant action challenging a 1981 Oregon criminal conviction after his various attempts to overturn the conviction through the Oregon state courts were unsuccessful. Defendant State of Oregon ("Oregon") moved to dismiss based primarily on Eleventh Amendment immunity, which Plaintiff opposed. The court considered the parties' arguments and granted the motion to dismiss on the basis of immunity or, alternatively, as precluded by the Rooker-Feldman doctrine. See Docket Item No. 27. Judgment was then entered in Oregon's favor. See Docket Item No. 28.

    Presently before the court is Plaintiff's motion for relief from the dismissal order and judgment pursuant to Federal Rule of Civil Procedure 60(b). See Docket Item No. 30. Oregon has filed written opposition to the motion and Plaintiff filed a reply. See Docket Item Nos. 31, 33. This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

1

Case No.: 5:14-cv-02444 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B)

Accordingly, the hearing scheduled for December 12, 2014, is VACATED. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

1. Rule 60(b) provides for relief from an order or judgment for a variety of reasons. Although Plaintiff is not necessarily explicit as to which parts of Rule 60(b) he is asserting, he does cite the language of four subsections in the first footnote of his brief. The court will therefore limit its analysis to "mistake, inadvertence, surprise, or excusable neglect;" "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" whether "the judgment is void," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(3), (b)(4), (b)(6).

2. Plaintiff appears to argue that the court committed "mistake" under Rule 60(b)(1) when it found this action barred by the Eleventh Amendment or, alternatively, subject to dismissal under the Rooker-Feldman doctrine. The Ninth Circuit has recognized that the district court may correct errors of law under Rule 60(b)(1). Liberty Mut. Ins. Co. v. EEOC, 691 F.2d 438, 441 (9th Cir. 1982). Here, however, Plaintiff has not shown that the dismissal was an error. Plaintiff seems to suggest a set aside of the Oregon conviction was required simply because he has deemed it void. But in a manner similar to his previous pleadings, Plaintiff has not cited any authority which supports the contention that improper or insensitive judicial commentary equates to a loss of jurisdiction. In addition, none of Plaintiff's authorities establish that the federal district court - as opposed to the state courts or Oregon - is the proper venue to determine whether the conviction is void in light of the dictates of sovereign immunity.

3. Moreover, Plaintiff has not demonstrated that the Rooker-Feldman doctrine was improperly identified as an alternative basis for dismissal. It applies here because Plaintiff was using this non-habeas action to complain "of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling," in a state case in which Plaintiff was a litigant. Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). Plaintiff's argument that the "Rooker-Feldman doctrine does not apply to a void judgment which is void on its face" makes little practical sense

1   because it goes without saying that a judgment must be reviewed before it can be declared void.

2       4.    Plaintiff also argues that reliance on <u>Pennhurst State School & Hospital v.
3   Halderman</u>, 465 U.S. 89 (1984), was improper due to <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).
4   This argument is misplaced, however, mostly because the subjects discussed in <u>Pennhurst</u> and
5   <u>Haines</u> have little to do with each other.  The court cited <u>Pennhurst</u> in the dismissal order to
6   emphasize the point that, no matter the form of relief requested and no matter who it was asserted
7   against, this action would still be barred by the Eleventh Amendment.  Allowing leave to amend to
8   assert a claim against a state official would have been futile because Plaintiff could not fit his
9   claim into an exception to the Eleventh Amendment under his theory of the case.

10       5.    Looking to Rule 60(b)(3), (b)(4) and (b)(6), the court has carefully reviewed
11   Plaintiff's motion but is unable to find any arguments that are applicable to those sections.  To the
12   extent Plaintiff believes the judgment is void under Rule 60(b)(4) due to a denial of due process,
13   the court disagrees that such a denial occurred here.  Plaintiff was provided a complete opportunity
14   to present arguments in opposition to Oregon's motion to dismiss.

15   Because Plaintiff did not establish a basis to find error, Plaintiff's request for relief from
16   the dismissal order and judgment under Rule 60(b) is DENIED.

18   **IT IS SO ORDERED.**

19   Dated:  November 13, 2014



EDWARD J. DAVILA  
United States District Judge

Case No.: 5:14-cv-02444 EJD  
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B)

3